# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

No. 10-60144
Summary Calendar

Lyle W. Cayce
Clerk

KEITH KLOPFENSTEIN

Petitioner,

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR

Respondent.

Petition for Review From a Final Decision
and Order of the Department of Labor
07-021

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Keith Klopfenstein seeks review of the decision of the Department of Labor Administrative Review Board ("ARB"), which affirmed the Administrative Law Judge's decision that Klopfenstein's termination did not violate the whistleblower protection provisions of the Sarbanes-Oxley Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60144

("SOX").  Because we cannot conclude that the ARB's decision was arbitrary and capricious, we DENY the petition.

Prior to his termination, Klopfenstein worked as the vice-president of strategic operations for PCC Flow Products, ("Flow").[1]  He initiated the present action after he was discharged in 2003, for violation of the company's revenue recognition rules.  Klopfenstein argues that the company's proffered reason was a pretext.  Klopfenstein asserts that the firm discharged him because he informed co-workers about discrepancies with inventory balance sheets, which he believed could have resulted in a misstatement of the company's assets.

Klopfenstein filed a SOX whistleblower complaint with OSHA alleging that Flow had retaliated against him for what he asserted was protected reporting activity. After an investigation, OSHA determined that Klopfenstein's complaint lacked merit.  Klopfenstein objected to the findings and requested a hearing before an Administrative Law Judge ("ALJ").

In 2004, the ALJ issued its first Recommended Decision and Order, which recommended dismissing Klopfenstein's complaint. Klopfenstein appealed to the ARB, which reversed the ALJ's decision and found that the ALJ had applied the wrong legal standard.  The ARB also concluded that ALJ incorrectly determined that Holdings and Respondent Alan Parrott, a former vice-president of Flow,

---

[1] Flow is a division of PCC Flow Technologies, LP, a limited partnership owned by two LLCs, which are in turn, wholly-owned subsidiaries of PCC Flow Technologies Holding, Inc., ("Holdings").  Holdings is a wholly-owned subsidiary of Precision Castparts Corp. ("PCC"), which is a publicly-held corporation, subject to SEC regulation and SOX.

Although Klopfenstein worked for Flow, according to the ALJ's second findings, his termination stemmed from recommendations and decisions made by three Holdings employees.  The decision to ultimately terminate him was made by Wayne Robbins, who served as the president of Holdings and the executive vice-president of PCC.  Klopfenstein filed his complaint against Holdings, the subsidiary of PCC.

No. 10-60144

were not proper parties to the complaint. The ARB remanded the case for further consideration.[2]

On remand, the ALJ affirmed his conclusion as to Parrott, but ruled that Holdings was an agent of PCC and therefore, section 806 applied to the company and its employees. The ALJ also determined that Klopfenstein's purported whistleblowing activities did not contribute to his termination.[3] Instead, the ALJ determined that Flow had terminated Klopfenstein because he had violated the firm's revenue recognition policies. Klopfenstein appealed to the ARB, which affirmed the ALJ's decision. The ARB denied Klopfenstein reconsideration of its second decision. Klopfenstein petitioned us for review of the ARB's decision.

We affirm a decision of the ARB unless it is "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law." 5 U.S.C. § 706(2)(a)*; Willy v. Admin. Review Bd.*, 423 F.3d 483, 490 (5th Cir. 2005). The ALJ is granted broad discretion regarding evidence. His factual findings are subject to substantial evidence review. *Willy*, 423 F.3d at 490. Substantial evidence is "more than a mere scintilla but less than a preponderance." *Williams v. Admin. Review Bd.*, 376 F.3d 471, 476 (5th Cir. 2004) (internal quotation marks omitted). And, under this standard, the ALJ's and ARB's decisions "must be upheld if, considering all of the evidence, a reasonable person could have reached the same conclusion. . . ." *Id.* The ARB's conclusions of law are reviewed de novo. *Id.*

---

[2] The ARB rejected the ALJ's initial conclusion that neither Holdings nor Parrott, a former employee of Flow, were proper parties to the action. On remand, the ALJ found that Holdings was a proper party under Section 806 of SOX, but that Parrott was not. The ARB affirmed the ALJ's decision. Holdings did not appeal the ARB's decision and Klopfenstein did not appeal the ARB's conclusion regarding Parrott.

The SEC has filed an amicus brief that discusses the applicability of Section 806 to employees of contractors and agents. The brief presents several arguments as to why Section 806 is applicable to Holdings. We will not address the brief's arguments, however, because neither party sought review of the ALJ's second decision on this issue.

[3] The ALJ did not determine whether Klopfenstein's reporting of the inventory discrepancies actually constituted engaging in a protected activity under SOX.

No. 10-60144

Section 806 of SOX, creates a private cause of action for an employee of a publicly-traded company who is retaliated against because they provided information about corporate fraud to a federal agency or their employer. 18 U.S.C. § 1514A(a). To succeed in a whistleblower action, an employee must prove by a preponderance of the evidence that: "(1) [he] engaged in protected activity; (2) the employer knew that [he] engaged in the protected activity; (3) [he] suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475-76 (5th Cir. 2008). If the four elements are satisfied, an employer may still avoid liability by demonstrating with clear and convincing evidence that the same unfavorable personnel action would have taken in the absence of the protected behavior. 49 U.S.C. § 42121(a)-(b)(2)(B)(iv); *see also Allen*, 514 F.3d at 476.

Klopfenstein argues that the agency's decision failed to comply with 5 U.S.C. § 557(c),[4] which requires an ALJ's decision to contain the basis for the judge's findings and conclusions. Klopfenstein asserts that in whistleblower cases under SOX, the ARB and other reviewing courts should enforce § 557 with "little leeway" and should require a "heightened-reasoning requirement." These arguments are incorrect.

We review the ALJ's conclusions under the highly deferential arbitrary and capricious standard, which focuses on "whether an agency articulated a rational connection between the facts found and the decision made. . . ." *Pension Benefit Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366-67 (5th Cir. 2004) (internal citations omitted). Simply put, the arbitrary and capricious

---

[4] The provision states, in relevant part, that all decisions include, "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law or discretion presented on the record." § 557(c)(3)(A).

standard requires us to find the existence of a rational basis for the ALJ's treatment of the evidence. In the present case, such a rational basis exists.

The record clearly demonstrates that Klopfenstein's reporting activity was not a contributing factor in his termination. As demonstrated by the evidence, the decision to terminate Klopfenstein was the result of his violation of the firm's revenue recognition policies. In addition, the evidence demonstrates that Klopfenstein's abrasive management style was a secondary reason for his termination. And, the record contradicts Klopfenstein's contention that the termination reasons offered by the company's officers were a pretext or misrepresentations of the truth.

Substantial evidence exists to support the ALJ's findings that the decision to terminate Klopfenstein was made by three Holdings' employees, none of whom knew that Klopfenstein had raised concerns about inventory discrepancies. Further, the record contains substantial evidence that demonstrates the reason for Klopfenstein's discharge was his unauthorized change of the company's revenue recognition policies.

Klopfenstein asserts that the ARB's second decision was "unexplained." But this statement is not accurate. The ARB's review of the case after remand involved an examination of the ALJ's new findings of fact and decision. Because substantial evidence exists to support the ALJ's factual findings and conclusions, the ARB's decision was neither arbitrary nor capricious.

The second argument presented by Klopfenstein is that the ARB's decision was arbitrary and capricious because it accepted the ALJ's erroneous evaluation of whether the alleged protected activity was a contributing factor in Klopfenstein's termination. We disagree with Klopfenstein's assertion.

As the ARB correctly stated in its first decision, a contributing factor is "any factor, which alone or in combination with other factors, tends to affect in

any way the outcome of the decision." *Allen*, 514 F.3d at 476 n. 3 (internal quotations omitted).

On remand, the ALJ made additional fact-finding and credibility determinations along with an analysis of what constituted a contributing factor. And the ALJ considered the circumstantial evidence offered by Klopfenstein, which Klopfenstein believed demonstrated why his reporting act was a factor that tended to affect the company's decision to discharge him.

The ALJ did not err by concluding that this evidence failed to prove that Klopfenstein's purported whistleblowing contributed to his termination. Testimony from several of Klopfenstein's co-workers, along with other evidence contained in the in the record, confirms that substantial evidence supports for the ALJ's conclusion that it was not Klopfenstein's reporting of inventory recording procedures that resulted in his termination. Rather, substantial evidence supports the ALJ's reasonable conclusion that it was Klopfenstein's breach of the company's accounting policies that resulted in the loss of his job.

Accordingly, we DENY Klopfenstein's petition.